Brendan J. Gallagher
Gallagher Law Group
668 N. 44th Street, #300
Phoenix, AZ 85008
(E) BGallagher@AZGLG.com
(T) (480) 648-5657

**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
FOR THE
FEDERAL DISTRICT OF ARIZONA

| | |
|---|---|
| MELISSA ROBERTS,<br><br>       Plaintiff,<br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC., EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANSUNION, LLC.<br><br>       Defendants. | Case No.:<br><br>**CIVIL COMPLAINT**<br>**AND**<br>**JURY TRIAL DEMAND** |

Plaintiff, Melissa Roberts, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Defendants, Equifax Information Services, LLC., Experian Information Solutions, INC and Transunion, LLC. (hereinafter "Equifax," "Experian," and "Transunion" individually, or collectively "Defendants") as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for damages arising from Defendant's violations of 15 USCS § 1681 *et seq.*, the Fair Credit Reporting Act (hereinafter "FCRA"), which regulates the actions of credit reporting agencies and prohibits unfair and inaccurate credit reporting.

**JURSIDICTION AND VENUE**

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

4. Plaintiff, Melissa Roberts, is a natural person, currently resides in the city of Kingman, Mohave County, State of Arizona, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant Equifax Information Services, LLC is incorporated under the laws of Georgia with a principal place of business at 1550 Peachtree Street Northwest, Atlanta, GA 30309. Defendant is authorized to do business in the State of Arizona and is a "credit reporting agency," as that term is defined by 15 U.S.C. § 1681a(f) by the Fair Credit Reporting Act.

6. Defendant Experian Information Services, LLC is incorporated under the laws of California with a principal place of business at 475 Acton Blvd., Costa Mesa, CA 92626. Defendant is authorized to do business in the State of Arizona and is a "credit reporting agency," as that term is defined by 15 U.S.C. § 1681a(f) by the Fair Credit Reporting Act.

7. Defendant Transunion, LLC is incorporated under the laws of Illinois with a principal place of business at 555 West Adams Street, Chicago, IL 60661. Defendant is authorized to do business in the State of Arizona and is a "credit reporting agency," as that term is defined by 15 U.S.C. § 1681a(f) by the Fair Credit Reporting Act.

**FACTUAL STATEMENT**

1. In early 2015, Plaintiff purchased multiple items from Conn's HomePlus[1] (hereinafter "Conn's"). Among Plaintiff's purchases was a couch. Shortly after delivery of the couch, Plaintiff noticed the item was damaged. None of the other goods in the shipment were damaged.

2. Plaintiff promptly called Conn's to request that the damaged merchandise be replaced or repaired and returned when in satisfactory condition. Representative for Conn's advised that Plaintiff's only form of relief would be for Conn's to send out repairmen to fix the couch on site.

3. At the time, Plaintiff and her family lived in a rather compact trailer. Plaintiff's husband is a retired veteran of the United States Armed Forces, and is permanently disabled. Plaintiff has

---

[1] Conn's HomePlus is a publicly traded retail chain of stores primarily in the south and southwest United States and sells furniture, appliances, electronics and other goods of this nature.

been adjudicated the legal care provider for her husband, as 24 hour home care is required, and Plaintiff is compensated by the federal government for her role as same. Finally, plaintiff and her husband have (4) young children at the home.

4. Plaintiff conveyed all of the substance in paragraph 3 above to Conn's when advising that turning her family room into a heavy duty repair shop was simply not an option. Conn's refused to offer any other alternative to Plaintiff. In response to this, Plaintiff refused to furnish payment on the **DAMAGED MERCHANDISE**, i.e. the couch.

5. Plaintiff did however offer to continue making payments on all the other purchased goods which were in acceptable condition. Conn's however refused to accept payment on only a portion of the order, i.e. the undamaged goods.

6. Plaintiff viewed a copy of her credit report in or around August of 2015. The trade line furnished by Conn's was inclusive of but not limited to denotations that late payment(s) have been made on the account, the account was not in good standing, and other derogatory information. Moreover, nothing on the trade line indicated that the Plaintiff was actively disputing the debt.

7. In accordance with the foregoing, Plaintiff caused a dispute letter to be sent to all three Defendants specifically advising of why the trade line was being disputed.

8. The dispute letter sent to Transunion was done so via certified mail, return receipt requested, under tracking code 7015 3010 0001 0991 1497. Through independent investigation, the dispute letter has been confirmed received via Transunion representative signature on June 6, 2016.

9. The dispute letter sent to Experian was done so via certified mail, return receipt requested, under tracking code 7015 3010 0001 0991 1527. Through independent investigation, the dispute letter has been confirmed received via Experian representative signature on June 9, 2016.

10. The dispute letter sent to Equifax was done so via certified mail, return receipt requested, under tracking code 7015 3010 0001 0991 1510. Through independent investigation, the dispute letter has been confirmed received via Equifax representative signature on June 7, 2016.

11. To date, no response has been received by any of the Defendants. To date, no change has been made to Plaintiff's credit reports. Plaintiff maintains that in light of Conn's actions, namely their refusal to appropriately replace defective merchandise, and their refusal to accept payment on the merchandise for which Plaintiff tendered payment, the marking on her credit report bearing the subject Conn's account is inaccurate and should be stricken.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, et seq.
*As to Defendant Transunion Only*

12. Plaintiff repeats the allegations contained in paragraphs 1 through 11 and incorporates them with the same force and effect as if set forth at length herein.

13. Plaintiff viewed a copy of her credit report in or around August of 2015.

14. A trade line furnished by Conn's was listed on the August 2015 credit report and indicated, *inter alia*, that Plaintiff had been late on making payments on their account.

15. Plaintiff's payments to Conn's had been refused as Conn's required Plaintiff to make payments on all the merchandise she received, inclusive of damaged merchandise for which Conn's would not offer a commercially reasonable method to correct same.

16. As Conn's, the furnisher of the information on the credit report, refused to receive Plaintiff's payments, Plaintiff avers that the trade line is inaccurate in listing Plaintiff as having made late payments. These payments were not late; rather they were refused by Conn's. Accordingly, Plaintiff sent Defendant Transunion a fact specific dispute.

17. The dispute letter sent to Transunion was done so via certified mail, return receipt requested, under tracking code 7015 3010 0001 0991 1497. Through independent investigation, the dispute letter has been confirmed received via Transunion representative signature on June 6, 2016.

18. To date Plaintiff has received no communication from Transunion in response to the dispute and the trade line furnished by Conn's which was the subject of the dispute letter remains unchanged.

19. Upon information and belief, and Defendant Transunion failed to review all relevant information and documentation available, failed to properly contact the furnisher of information, and failed to take into account the assertions of Plaintiff in failing to delete the debt, or at the very least mark the subject trade line as one in dispute, thus violating their duty under 15 U.S.C. § 1681i.

20. Upon information and belief, Defendant Transunion failed to follow reasonable procedures to ensure maximum possible accuracy on Plaintiff's credit report when it published the incorrect information after being put on effective notice that the trade line was incorrect.

21. With the failure to remove the Conn's trade line, or with the failure to mark same as disputed, Plaintiff's credit score, a benchmark for near all facets of life in today's society, is artificially deflated.

22. Defendant Transunion's actions were willful and wonton; Plaintiff has been damaged and is entitled to relief.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, et seq.
*As to Defendant Equifax Only*

23. Plaintiff repeats the allegations contained in paragraphs 1 through 22 and incorporates them with the same force and effect as if set forth at length herein.

24. Plaintiff viewed a copy of her credit report in or around August of 2015.

25. A trade line furnished by Conn's was listed on the August 2015 credit report and indicated, *inter alia*, that Plaintiff had been late on making payments on their account.

26. Plaintiff's payments to Conn's had been refused as Conn's required Plaintiff to make payments on all the merchandise she received, inclusive of damaged merchandise for which Conn's would not offer a commercially reasonable method to correct same.

27. As Conn's, the furnisher of the information on the credit report, refused to receive Plaintiff's payments, Plaintiff avers that the trade line is inaccurate in listing Plaintiff as having made late payments. These payments were not late; rather they were refused by Conn's. Accordingly, Plaintiff sent Defendant Equifax a fact specific dispute.

28. The dispute letter sent to Equifax was done so via certified mail, return receipt requested, under tracking code 7015 3010 0001 0991 1510. Through independent investigation, the dispute letter has been confirmed received via Equifax representative signature on June 7, 2016.

29. To date Plaintiff has received no communication from Equifax in response to the dispute and the trade line furnished Conn's which was the subject of the dispute letter remains unchanged.

30. Upon information and belief, and Defendant Equifax failed to review all relevant information and documentation available, failed to properly contact the furnisher of information, and failed to take into account the assertions of Plaintiff in failing to delete the debt, or at the very least mark the subject trade line as one in dispute, thus violating their duty under 15 U.S.C. § 1681i.

31. Upon information and belief, Defendant Equifax failed to follow reasonable procedures to ensure maximum possible accuracy on Plaintiff's credit report when it published the incorrect information after being put on effective notice that the trade line was incorrect.

32. With the failure to remove the Conn's trade line, or with the failure to mark same as disputed, Plaintiff's credit score, a benchmark for near all facets of life in today's society, is artificially deflated.

33. Defendant Equifax's actions were willful and wonton; Plaintiff has been damaged and is entitled to relief.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, et seq.
*As to Defendant Experian Only*

34. Plaintiff repeats the allegations contained in paragraphs 1 through 33 and incorporates them with the same force and effect as if set forth at length herein.

35. Plaintiff viewed a copy of her credit report in or around August of 2015.

36. A trade line furnished by Conn's was listed on the August 2015 credit report and indicated, *inter alia*, that Plaintiff had been late on making payments on their account.

37. Plaintiff's payments to Conn's had been refused as Conn's required Plaintiff to make payments on all the merchandise she received, inclusive of damaged merchandise for which Conn's would not offer a commercially reasonable method to correct same.

38. As Conn's, the furnisher of the information on the credit report, refused to receive Plaintiff's payments, Plaintiff avers that the trade line is inaccurate in listing Plaintiff as having made late payments. These payments were not late; rather they were refused by Conn's. Accordingly, Plaintiff sent Defendant Experian a fact specific dispute.

39. The dispute letter sent to Experian was done so via certified mail, return receipt requested, under tracking code 7015 3010 0001 0991 1527. Through independent investigation, the dispute letter has been confirmed received via Experian representative signature on June 9, 2016.

40. To date Plaintiff has received no communication from Experian in response to the dispute and the trade line furnished Conn's which was the subject of the dispute letter remains unchanged.

41. Upon information and belief, and Defendant Experian failed to review all relevant information and documentation available, failed to properly contact the furnisher of information, and failed to take into account the assertions of Plaintiff in failing to delete the debt, or at the very least mark the subject trade line as one in dispute, thus violating their duty under 15 U.S.C. § 1681i.

42. Upon information and belief, Defendant Experian failed to follow reasonable procedures to ensure maximum possible accuracy on Plaintiff's credit report when it published the incorrect information after being put on effective notice that the trade line was incorrect.

43. With the failure to remove the Conn's trade line, or with the failure to mark same as disputed, Plaintiff's credit score, a benchmark for near all facets of life in today's society, is artificially deflated.

44. Defendant Experian's actions were willful and wonton; Plaintiff has been damaged and is entitled to relief.

## TRIAL BY JURY

45. Plaintiff requests a trial by jury on all counts.

## DAMAGES

WHEREFORE, Plaintiff, Melissa Roberts, requests that this Court enter judgment against the Defendants, and on behalf of Plaintiff for the following:

A. That an order be entered declaring all (3) Defendants' actions, as described above, independently, in violation of the FCRA;

B. That all (3) Defendants be compelled to provide all details surrounding the alleged "reinvestigation."

C. That all (3) Defendants update the trade line of Plaintiff's credit report with a deletion of the Conn's Tradeline.

D. That judgment be entered against the all (3) Defendant for actual, statutory and punitive damages and attorney's fees for the violations of 15 U.S.C. §§ 1681n and 1681o in an amount to be determined at trial and that same be levied against all (3) Defendants separately.

E.  That the Court grant such other and further relief as may be just and proper.

Dated this 28th Day of July, 2016

Respectfully Submitted,

s/_____.
Brendan J. Gallagher
Gallagher Law Group
668 N. 44th Street, #300
Phoenix, AZ 85008
(E) BGallagher@AZGLG.com
(T) (480) 648-5657